IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK HARLACHER,
    Petitioner

v.

COMMONWEALTH OF
PENNSYLVANIA,
    Respondent

CIVIL ACTION NO. 3:CV-10-0267

(Judge Nealon)

(Magistrate Judge Blewitt)

## MEMORANDUM and ORDER

Petitioner, Mark Harlacher, an inmate confined at Laurel Highlands State Correctional Institute in Somerset, Pennsylvania, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 4, 2010. (Doc. 1). On February 12, 2010, United States Magistrate Judge Thomas M. Blewitt issued an Order directing Petitioner to file an amended habeas petition which complied with the requirements of Rule 2 of the Rules Governing § 2254 cases. (Doc. 4). The Magistrate Judge also directed Petitioner to submit all relevant state court documents and warned that failure to comply would result in a recommendation that the case be dismissed. (Doc. 4). Petitioner filed an amended habeas petition on February 23, 2010. (Doc. 5). Petitioner appears to challenge his conviction and sentence in the Court of Common Pleas of York County, Pennsylvania. (Doc. 5).

On March 12, 2010, a Report was issued by the Magistrate Judge recommending that the case be dismissed without prejudice for failure to comply with the February 12, 2010 Order and for failure to prosecute. (Doc. 6). Petitioner filed objections to the R&R on March 23, 2010. (Docs. 7, 8). The matter is ripe for disposition and, for the reasons set forth below, the R&R will be adopted.

1

**Standard of Review**

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(c), the Court must make a *de novo* review of those portions of the report to which objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). A *de novo* determination is not required if the objections are not specific. Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The Court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the Court may, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7.

**Disussion**

The R&R states that Petitioner did not comply with a prior court Order requiring him to file an amended habeas petition complying with Rule 2 of the Rules Governing § 2254 cases. (Doc. 6). Rule 2 provides that a habeas petition must specify all the grounds for relief available to the petitioner and state the facts supporting each ground. See Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987); 28 U.S.C. § 2254.

Although Petitioner filed an amended habeas petition, the Magistrate Judge found that this document did not cure the defects in the original habeas petition. (Doc. 6). Petitioner attached the same addendums that were attached to his original petition and failed to submit the pertinent state court documents as directed. (Docs. 1, 5). He specifically states that all supporting facts are in his original habeas petition. (Doc. 5-2). Thus, the Magistrate Judge

2

determined that Petitioner failed to comply with Rule 2(c) and this constitutes a failure to prosecute subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 6). Rule 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

FED.R.CIV.P. 41(b).

The United States Supreme Court in Link v. Wabash Railroad Co. stated that when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S. Ct. 1386, 1388, 8 L. Ed. 734 (1962). The Magistrate Judge stated that because Petitioner failed to prosecute and failed to comply with the court Order, he is deemed to have abandoned the action and he recommends that the action be dismissed pursuant to Rule 41(b). (Doc. 6).

In his objections, Petitioner argues that he complied with Rule 2 and he is not abandoning his case. (Doc. 7). He contends that he stated all grounds for relief available and the facts supporting each ground. (Doc. 7). Petitioner reiterates his argument that the state court did not have jurisdiction to prosecute and sentence him. (Docs. 7, 8). He appears to argue that his state court proceeding is void because the Pennsylvania constitution does not contain a clause pertaining to criminal proceedings. Along with the objections to the R&R, Petitioner filed state court documents. (Doc. 8). Specifically, he filed the transcript from his guilty plea and sentencing, the affidavit of probable cause and criminal complaint, traffic citations and his

habeas petition. (Doc. 8).[1] The Magistrate Judge directed Petitioner to file "copies of all of his state court appeals and the state court decisions, opinions, and orders regarding both his direct and collateral appeals, along with the filing dates thereof." (Doc. 4). However, as stated, Petitioner has only provided the court with a copy of the transcript from his guilty plea and sentencing, the affidavit of probable cause and criminal complaint, traffic citations and his petition for writ of habeas corpus dated March 18, 2010. (Doc. 8).

In the habeas petition, Petitioner states that he did not exhaust state court remedies because there was "no remedy in state court," "PA courts have no jurisdiction" and exhaustion was not required because his petition has been in state court for one and a half years. (Doc. 8, Ex. 6, pgs. 3, 5-7). Further, he again argues that state court was an improper venue under the constitution. (Doc. 8, Ex. 6, pg. 7). While Petitioner has filed objections to the Magistrate Judge's R&R, (Doc. 7), he has merely restated his claims of error previously raised in his habeas petition. See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008); Goney, 749 F.2d at 7 ("providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process."), citing, United States v. Raddatz, 447 U.S. 667, 65 L. Ed. 2d 424, 100 S. Ct. 2406 (1980); Mercado v. Perez Vaga, 853 F. Supp. 42, 44 (D.P.R. 1993) ("Failure to file specific objections amounts to a

---

[1] On November 27, 2007, in the York County Court of Common Pleas, Petitioner pled guilty to homicide by vehicle while driving under the influence, aggravated assault by vehicle while driving under the influence and driving under the influence. (Doc. 8, Ex. 2).

waiver of the right to review").

Upon review, the Magistrate Judge has not erred in recommending that the amended habeas petition be dismissed. Petitioner has failed to comply with the February 12, 2010 Order directing him to file an amended habeas petition complying with Rule 2. Based on the foregoing, the Magistrate Judge's Report and Recommendation will be adopted and the amended petition for habeas corpus will be dismissed.

An appropriate order follows.

Date: April 9, 2010

United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK HARLACHER,<br>    Petitioner | : | CIVIL ACTION NO. 3:CV-10-0267 |
| v. | : | (Judge Nealon) |
| COMMONWEALTH OF<br>PENNSYLVANIA,<br>    Respondent | : | (Magistrate Judge Blewitt) |

## ORDER

AND NOW, this _9th_ day of April, 2010, **IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's Report and Recommendation (Doc. 6) is **ADOPTED**.

2. The Amended Petition for Habeas Corpus (Doc. 5) is **DISMISSED**.

3. The Clerk of Court is directed to **CLOSE** this case.


_____
United States District Judge